UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 20-124-S-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                               PLEA AGREEMENT

CORY N. JOHNS                                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 2-3 of the Superseding Indictment, charging violations of 18 U.S.C. § 2252(a)(2), knowingly distributing visual depictions of a minor engaged in sexually explicit conduct using a means or facility of interstate commerce, that is, by computer over the internet; and Count 4 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B), possession of material depicting the sexual exploitation of minors. The United States will move the Court to dismiss the remaining counts of the Superseding Indictment and the original Indictment at the time of sentencing. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Counts 2-3 of the Superceding Indictment, charging a violation of 18 U.S.C. § 2252(a)(2), are:

(a) The Defendant knowingly distributed a visual depiction;

(b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) The visual depiction is of a minor engaging in sexually explicit conduct;

(d) The Defendant knew at least one of the performers in the visual depiction was a minor, and that the visual depiction was of a minor engaged in sexually explicit conduct; and

(e) The visual depiction was distributed using a means or facility of interstate commerce;

The essential elements of Count 4 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B), are:

(a) That the Defendant knowingly possessed one or more matters containing a visual depiction;

(b) That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) That the visual depiction was of a minor engaging in sexually explicit conduct;

(d) That the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(e) That the visual depictions had been mailed, had been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or were produced using material that had been mailed, shipped or transported in interstate or foreign commerce by any means including by computer.

3. As to Counts 2 through 4 of the Superseding Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The investigation began on November 18, 2015, when the Lexington Police Department connected with the Defendant via a file sharing program and downloaded images and videos of children engaged in sexually explicit conduct.

2

Later, on April 16, 2016, the Kentucky State Police (KSP) also connected with the Defendant via a file sharing program and also downloaded images and videos of children engaged in sexually explicit conduct. KSP then obtained a search warrant for the location associated with that IP address from the downloads, which led to the home where Cory Johns and Tami Veal were living.

(b) A forensic exam of various electronic storage media located in the Defendant's residence revealed additional images and videos of children engaged in sexually explicit conduct. The examination also revealed various videos, some taken by Cory Johns and some taken by Tami Veal, of Minor Victim 1. The videos, taken on various dates when Minor Victim 1 was less than twelve years old, include depictions of Minor Victim 1 momentarily engaging in masturbastion; and videos depicting the lewd and lascivious exhibition of Minor 1's genitals including Minor Victim 1 dancing while nude; wrestling with the Defendant while nude; and showering with an adult female. At the time the videos were taken, Minor Victim 1 was sometimes in the care, custody, and control of Cory Johns and Tami Veal.

(c) The Defendant admits that he was deliberately ignorant when he knowingly used a file sharing program that involved users of the program sharing material with other users. The Defendant specifically admits that file-sharing distribution of sexually explicit visual depictions of minors occurred on or about the dates alleged in the Superseding Indictment, in Jessamine County, in the Eastern District of Kentucky. The Defendant also admits that he knowingly possessed the aforementioned videos of Minor Vicitm 1 and other material depicting children engaged in sexually explicit conduct at his home in Jessamine County, on or about the dates alleged in the Superseding Indictment.

4. The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement.

    (a) The Defendant's sentence of imprisonment shall be 300 months.

    (b) The Defendant's term of supervised release shall be 20 years.

    (c) The Defendant will owe a $300 special assessment.

    (d) Because the Defendant is indigent, there will be no fine or additional special assessment imposed.

    (e) The Defendant will owe restitution in an amount determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor

depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement, even if they are not victims of the counts of conviction in this matter.

5. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

6. The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

7. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and any other devices seized during this investigation that contain any visual depiction in violation of 18 U.S.C. § 2252. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, pursuant to 18 U.S.C. § 2253. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or

otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

8. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit

disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one

additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

7

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of execution of this Plea Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/26/23    By: _____
Erin M. Roth
Assistant United States Attorney

Date: 9/25/23    _____
Cory N. Johns
Defendant

Date: 9/25/23    _____
Patrick Nash
Attorney for Defendant

9